## CONVEYANCE IN FRAUD OF CREDITORS.

Circuit Court of Cuyahoga County.

JOHN H. LEES v. FRANK H. KENNEDY ET AL.

Decided, November 10, 1905.

*Equity—Courts Will Not Decree a Vain Thing.*

In an action to set aside a conveyance, alleged to be in fraud of creditors, a decree will not be granted where it appears that the interest of the judgment debtor in the property does not exceed the amount to which he would be entitled in lieu of a homestead, and where the only result of such a decree would be to increase the costs in the case.

*D. B. Carpenter,* for plaintiff.
*F. B. Bruml,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Lees the plaintiff, is a judgment creditor of Frank H. Kennedy. He is unable to obtain anything to satisfy his judgment upon execution, and he seeks to have certain conveyances of real estate set aside, to have such real estate decreed to be the property of said Frank B. Kennedy, and that such orders may be made as will subject it to the payment of his judgment.

We find as a fact that before the 26th day of December, 1898, Frank and his wife jointly owned a parcel of real estate known as 84 Walnut street, in the city of Cleveland, worth about $5,000 on which was a mortgage of $3,000. Most of the purchase money for this property was furnished by Frank, though a small part was furnished by the wife. When the deed was taken to the two, Frank was not in debt and had a perfect right to have it deeded in all or part, to his wife as he saw fit.

On the date last named Frank deeded his one-half interest in this property to his wife for the nominal consideration of five dollars, but in fact without any valuable consideration whatever. Before this last conveyance was made the plaintiff had obtained the judgment which is the basis of his present action.

In April, 1899, Frank and his wife deeded this Walnut street property to the Curtis-Ambler Company, receiving as consideration the assumption by the Curtis-Ambler Company of the mortgage debt already mentioned and the conveyance to Mrs. Kennedy of seven lots of land on the west side of the river in this city. These lots were immediately thereafter mortgaged by Kennedy and his wife for the sum of $2,000 for a loan of that amount made to them.

This was all the money ever obtained by them for said lots, they having been afterwards subjected by foreclosure proceedings to the payment of such mortgage. Of said sum of $2,000 so obtained on said mortgage loan, one-half was the property of Frank and one-half the property of the wife. Frank took $800 of this $2,000 so received on the mortgage and used it for the payment of debts which he owed; Mrs. Kennedy deposited $1,200 of the said $2,000 in the bank; $1,000 of this was hers; $200 of it was Frank's.

This sum of $1,200 Mrs. Kennedy put with money of their son Arthur Kennedy in purchasing a lot and building a house where the family now live, on North Perry street, in Cleveland. The title to this is in Arthur. We find these facts from the testimony produced to us, and the witnesses impress us as telling the truth. Their story is a natural one. Frank had become involved; his son Arthur from the time he was sixteen (he is now 24 or 25) has been earning money and living with his parents, saving his money and putting it in with that his mother had in the bank for the purpose of procuring this home. The evidence shows that the father was consulted about the lot before the purchase; $200 of his money went into the purchase; indeed, it was the most natural thing in the world that the father should have been consulted about the purchase of the lot. The evidence shows that this property, encumbered as it is, is worth only about what it cost. The title to it is in Arthur. Frank has an equity of not more than $200 in this property. At the outside his equity can not exceed $300. He is a resident of Ohio and is a husband living with his wife. He has no homestead other than his equity in this property. He makes claim of exemption in lieu of homestead.

Were we to appoint a trustee under the statute to work out the rights of the parties in this property, it is clear that there would be nothing which the plaintiff could get toward the payment of his claim. We should aid nobody; we should increase the costs needlessly, without any benefit to the plaintiff.

We feel that to appoint such a trustee would be a vain thing, which we are not called upon to do.

The petition of the plaintiff is dismissed. I have not talked with my associates about the question of costs. Before the entry is made, I will do so. The entire case was considered by us, but the question of costs was not.